## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EVANGELINE QUINTANA, Personal
Representative in the Matter of the Estate of
Gilbert Quintana, deceased,

        Plaintiff,                         Civ. No. 01-1398 MV/RLP

vs.

THE ESTATE OF DAVID CHISM,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand, filed April 30, 2002 **[Doc. No. 19]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Plaintiff's motion is not well-taken and will be **DENIED**.

### BACKGROUND

On November 30, 2000, Gilbert Quintana and David Chism, the passenger and pilot, respectively, of a Cessna airplane, were killed in a crash near Taos, New Mexico. On February 2, 2001, Evangeline Quintana, as personal representative of Mr. Quintana's estate, commenced a wrongful death action against Mr. Chism's estate in the Eighth Judicial District Court in Taos County, New Mexico. Thereafter, on November 16, 2001, the Fifth Judicial District Court in Blaine County, Idaho appointed Jennifer Haemmerle as special administrator of Mr. Chism's estate. In making the appointment, the Idaho court found that Mr. Chism had been domiciled in Idaho at the time of his death.

On December 11, 2001, Defendant, through Ms. Haemmerle, filed a notice of removal of the wrongful death action to the United States District Court for the District of New Mexico.

Defendant based the notice of removal on complete diversity of citizenship between Plaintiff and Defendant.  Defendant's notice stated that, at the time of the crash, Mr. Quintana was domiciled in New Mexico and Mr. Chism was domiciled in Idaho.  On April 30, 2002, Plaintiff brought the instant motion to remand.  In support of the motion, Plaintiff contends that both Mr. Quintana and Mr. Chism were domiciled in New Mexico at the time of their deaths and that, accordingly, this Court lacks diversity jurisdiction, and thus subject matter jurisdiction, over the instant action.

## STANDARD

In order to establish diversity jurisdiction, there must be a controversy between citizens of different states.  *See* 28 U.S.C. §1332(a)(1).  If a party to the action is deceased, "the legal representative of the estate . . . shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. §1332(c)(2).  The Court thus looks to the citizenship of the decedent at the time of death to determine if diversity jurisdiction exists.

As the issue of diversity is a matter of federal and not state law, federal principles dictate the outcome, although the Court may use state law as an aid to reaching the proper decision.  *See Rishell v. Phillips Episcopal Mem. Med. Center*, 12 F.3d 171, 172-73 (10th Cir. 1993).  The determination of whether diversity exists is a mixed question of law and fact.  *Id.* at 173.   This determination is "generally made from the complaint."  *Bair v. Peck*, 738 F. Supp. 1354, 1356 (D. Kan. 1990). The party asserting diversity jurisdiction bears the burden of proving diversity by a preponderance of the evidence.  *Id.*

For purposes of determining diversity jurisdiction, citizenship is based on the state of domicile.  "Domicile" is made up of two factors: (1) "physical presence in a place (residence)";

and (2) "a certain state of mind, that is, the intent to remain there." *Id.* at 1355.  The requisite

state of mind is the "intention . . . to remain at that place for an unlimited or indefinite period of

time." *Id.*

      There is a presumption in favor of "an established domicile over a newly acquired one."

*Id.* at 1356.  Where there has been a recent change in residence, "courts have often looked to

objective indicia of intent, such as the place of employment, driver's license, automobile

registration, bank accounts, tax payments, location of personal property, and voting practices."

*Id.*  Moreover, "[s]tatements of intent are accorded minimal weight relative to these objective

factors." *Id.*


## DISCUSSION

      Defendant, who bears the burden of establishing diversity by a preponderance of the

eivdence, asserts that Mr. Chism was a domiciliary of Idaho, rather than New Mexico, at the time

of his death.  In support of this assertion, Defendant argues that while Mr. Chism had been living

in Taos at the time of his death, the objective evidence does not show that he had the requisite

intent to remain indefinitely in New Mexico.  Defendant points to the fact that Mr. Chism had an

Idaho driver's license, an Idaho Airmen Registration, Idaho vehicle registration, Idaho airplane

insurance and registration, an Idaho business relations certificate and an FAA certificate, all of

which reflect his address to be in Ketchum, Idaho.  Similarly, Defendant notes that Mr. Chism had

two bank accounts in Idaho, and that his last state tax return was filed in Idaho.  In addition, all of

the investigative reports of the crash, including the state police, medical examiner, Cessna aircraft

and Teledyne reports, reflect that Mr. Chism resided in Idaho.

The Court is persuaded that this evidence is sufficient to show that Mr. Chism's domicile at the time of his death was Idaho.  Plaintiff's efforts to refute this evidence and show that Mr. Chism intended to remain in New Mexico are unavailing.  First, Plaintiff contends that the documents cited by Defendant as reflecting a Ketchum, Idaho address for Mr. Chism were all issued prior to his relocation to New Mexico.  Plaintiff, however, offers no explanation for Mr. Chism's failure to apply for new identification in New Mexico.  If Mr. Chism intended to establish residency in New Mexico, surely at least he would have applied for a New Mexico driver's license.

Next, Plaintiff states that Mr. Chism was previously married in New Mexico and resided there.  The fact that Mr. Chism was married and resided in New Mexico at some previous time, ostensibly before he lived in Idaho and certainly before his most recent relocation to New Mexico, is irrelevant to the determination of whether, at the time of his death, Mr. Chism was present in New Mexico with an intent to remain.  Similarly, Plaintiff asserts that prior to his death, Mr. Chism informed his mother that he was happy to be back in New Mexico, and that it was his intention to presently reside in New Mexico while he pursued a home building venture with Mr. Quintana.  Nothing in this assertion suggests an intention to remain indefinitely in New Mexico. The fact that he was happy to be back in New Mexico is irrelevant.  The words "presently reside" indicate a present intention, rather than an intention to remain indefinitely.  Moreover, there is no indication that the "home building venture" was of indefinite or long-term duration, rather than a one-time or short-term project.

Plaintiff correctly states that Mr. Chism executed a written lease to rent from Mary Harty a furnished house in Taos, New Mexico, beginning November 4, 2000.  The exhibits to Plaintiff's

-4-

own moving papers, however, reveal that the lease was to be on a month-to-month basis and had

no set term.  Moreover, Mr. Chism did not bring his own furniture to the house, but rather rented

the house furnished.  Thus, the lease indicates only that, at the time of his death, Mr. Chism was

renting a furnished house in Taos on a monthly basis.  The lease does not establish that Mr. Chism

intended to remain indefinitely in New Mexico.

Finally, Plaintiff submits an affidavit from Mr. Chism's mother that, at the time of his

death, he had been living in New Mexico for at least six weeks.  In addition, Plaintiff submits an

email exchange between Mr. Chism and Ms. Harty which suggests that, as of October 16, 2000,

Mr. Chism's mail was being forwarded to Taos.  However, Plaintiff also submits another email

exchange between Mr. Chism and Ms. Harty which suggests that Mr. Chism planned to be in

Idaho through November 2 or 3, 2000, only twenty-seven or twenty-eight days before his death

on November 30, 2002.  Given the presumption in favor of an established domicile over a newly

acquired one, and the fact that statements of intent are accorded minimal weight relative to

objective factors, Plaintiff's submissions are insufficient to refute the objective indicia of intent

establishing that Mr. Chism was a domiciliary of Idaho who was temporarily residing in Taos at

the time of his death.


**<ins>CONCLUSION</ins>**

Diversity between the parties has been established by a preponderance of the evidence.

Accordingly, this Court has subject matter jurisdiction over the instant action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **[Doc. No. 19]** is **DENIED**.


**DATED** this 19th day of March, 2003.


_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE


<u>Attorney for Plaintiff</u>:
Robert Crollett

<u>Attorney for Defendant</u>:
Paul C. Collins